UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROSALIND HOLMES AND                         CIVIL ACTION
DERRICK HOLMES

VERSUS                                      NO. 06-7675

STATE FARM INSURANCE COMPANY, ET AL         SECTION "R"(2)


### ORDER AND REASONS

Before the Court is the motion of plaintiffs Rosalind and Derrick Holmes to remand this matter to state court. Because the Court finds that the jurisdictional amount is not satisfied, and the Court does not have jurisdiction under 28 U.S.C. §§ 1369 and 1441, the Court GRANTS the motion to remand.


**I.   BACKGROUND**

Plaintiffs sued State Farm Insurance Company, their homeowner's insurer, and Mel Nelson, their insurance agent, in Louisiana State Court on claims relating to their insurance coverage. State Farm's citizenship is diverse from plaintiffs but Nelson, like plaintiffs, is a citizen of Louisiana. The parties thus are not completely diverse, a requirement for a

federal court to have jurisdiction under 28 U.S.C. § 1332.  *See McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).  State Farm removed this case to federal court on the ground federal diversity jurisdiction exists because Nelson was improperly joined.  State Farm also argues that jurisdiction is proper under the the Multiparty, Multiforum Trial and Jurisdiction Act of 2002.  Plaintiffs now move to remand this matter to state court on the ground that the jurisdictional amount is not satisfied, and Nelson is not improperly joined.  For the following reasons, this motion is granted.

## II.  LEGAL STANDARDS

### A.  Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d

720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

    **B.**   **Jurisdictional Amount**

Plaintiffs assert that this matter must be remanded because the amount in controversy, a requisite for diversity jurisdiction, is not satisfied. Plaintiffs did not seek a specific amount of damages in their petition. Rather, they alleged that their damages did not exceed $75,000. Further, they filed a binding post-removal stipulation foregoing any judgment in excess of $75,000. Defendant argues that it is facially apparent that plaintiffs' claims exceed $75,000. Defendant is incorrect. Plaintiffs' complaint does not allege any specific type or amount of damage to their property. Nor do plaintiffs contend that they are entitled to the limits of their policies. Thus, defendant's reference to the policy limits is not conclusive. Furthermore, since plaintiffs' complaint is ambiguous as to the amount in controversy, the Court will consider their post-removal stipulation that they do not seek a

total recovery of more than $75,000 and that they irrevocably renounce any judgment in excess of $75,000.  Based on the record, the Court finds that State Farm has failed to carry its burden to show that the amount in controversy is satisfied.  Hence this Court lacks diversity jurisdiction over this matter.

**C.    Multiparty, Multiforum Trial and Jurisdiction Act**

Finally, in its notice of removal, State Farm also asserts that removal of this case is proper under the Multiparty, Multiforum Trial and Jurisdiction Act of 2002 because there exists minimal diversity and because Hurricane Katrina constitutes an accident as contemplated by 28 U.S.C. § 1369(a), therefore conferring original subject matter jurisdiction over this action.  Alternatively, State Farm contends that removal is proper under 28 U.S.C. § 1441(e)(1)(b) because State Farm is a party to several cases that were brought or could have been brought directly into federal court under § 1369(a).  The Court has thoroughly addressed these same arguments in previous cases and finds no reason to reach a different result here.  *See, e.g., Nguyen v. ANPAC Louisiana Ins. Co.*, 2006 WL 3714500 (E.D. La. Dec. 11, 2006) (order granting motion to remand); *Wood v. State Farm Fire & Casualty Co.*, Civ. Docket No. 06-2570 (E.D. La. Oct. 24, 2006) (same).  The Court therefore adopts its reasoning in *Nguyen* and *Wood* and holds that the MMTJA does not give it

4

jurisdiction over this matter.

**IV.   CONCLUSION**

For the foregoing reasons, plaintiffs' motion to remand is GRANTED.

New Orleans, Louisiana, this  7th  day of February, 2007.

　　　　　　　　　*Sarah Vance*
　　　　　　　　SARAH S. VANCE
　　　　　UNITED STATES DISTRICT JUDGE